IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2012 DEC 14  A 11: 00

Walter L. Munns,                    )
                                    )
                Plaintiff,          )
                                    )        Civil Action No. 5:11-cv-00393-SB
v.                                  )
                                    )
Michael J. Astrue, Commissioner     )                **ORDER**
of Social Security,                 )
                                    )
                Defendant.          )
_____)

This matter is before the Court upon the Plaintiff's motion for attorney's fees and

costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

Specifically, the Plaintiff requests $6,486.84 in attorney's fees (36 hours at the hourly rate

of $180.19), plus $350 in filing costs.  The government opposes the Plaintiff's motion.

### BACKGROUND

The Plaintiff was born on May 15, 1951, and he was fifty-five years old when he

applied for DIB.  He completed high school and three years of college, and he served in

and retired from the Air Force, for which he currently receives a military retirement pension.



During his service, the Plaintiff worked as a fuel specialist and a munitions maintenance

worker.  The Plaintiff has other past relevant work experience as a 911 dispatcher, a forklift

operator, and a security guard.

The Plaintiff applied for DIB on June 13, 2007, alleging disability beginning on April

5, 2007, due to post traumatic stress disorder ("PTSD") (stemming from his service in

Vietnam), depression, anxiety, and migraine headaches.  His application was denied

initially on July 31, 2007, and upon reconsideration on November 5, 2007.  The Plaintiff

filed a timely request for a hearing before an Administrative Law Judge ("ALJ"), and on May 4, 2009, ALJ Chilton C. Hicks held a hearing at which the Plaintiff and a vocational expert ("VE") testified. On October 8, 2009, the ALJ issued a decision denying benefits. On October 19, 2009, the Plaintiff requested review of the ALJ's decision, but the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). The Plaintiff filed the instant action on February 17, 2011, and on August 10, 2012, this Court adopted the Magistrate Judge's report and recommendation ("R&R") and reversed and remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). In its order, the Court agreed with the Magistrate Judge (1) that the ALJ erred in determining that the Plaintiff did not meet the paragraph B criteria in Medical Listing 12.04, and (2) that the ALJ failed to properly weigh the opinions of the Plaintiff's treating sources.

As previously mentioned, the Plaintiff filed a motion for attorney's fees and costs pursuant to EAJA, requesting $6,486.84 in attorney's fees and $350 in filing costs. In addition, in the motion, Plaintiff's counsel asks that the fees be made payable to him pursuant to the assignment of fees signed by the Plaintiff, a copy of which was attached to the motion.

The government filed a response in opposition to the Plaintiff's motion, asserting that its position was substantially justified. In addition, the government asked that if the Court does award fees, that it do so directly to the Plaintiff and not to the Plaintiff's attorney.

The Plaintiff filed a reply, again asserting that the government's position was not

2

substantially justified. Plaintiff's counsel also clarified that he would like the check to be awarded to the Plaintiff but mailed to counsel so that the assignment could be honored (assuming the Plaintiff owes no federal debt). Finally, the Plaintiff asked for fees in connection with reviewing the Defendant's opposition and preparing the reply, for a total of 2.75 hours at $180.19 per hour. In all, the Plaintiff requests $6,982.36 in fees and $350.00 in costs.[1]

## STANDARD OF REVIEW

Pursuant to EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition, as long as the government's position was not "substantially justified" and no special circumstances make such an award unjust. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The present case turns on the question of whether the government's position was "substantially justified."

In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified, and to meet its burden, the government must establish that its case has a reasonable basis in both law and fact. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Thompson v Sullivan, 980 F2d 280, 281 (4th Cir. 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552,

---

[1] The Plaintiff requests "$550.00 in costs" on the last page of the reply, but the Court believes that this is a typographical error. (See Entry 34 at 4.)

566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at n. 2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. Petrella v. Sec. of Health & Human Servs., 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the decision was rendered. Id. Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. Randolph v. Sullivan, 738 F.Supp. 305, 306 (C.D.Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. Sierra Club v. Sec. of Army, 820 F.2d 513, 518 (1st Cir. 1987) (internal citations and quotations omitted).

## DISCUSSION

Here, the government asserts that its position was substantially justified. Specifically, it asserts that (1) the ALJ's step three finding was supported by the record, and the government's position with respect to this issue was substantially justified and (2) that the Commissioner's weighing of the medical opinion evidence was substantially justified.

After considering the totality of the circumstances, the Court finds that the government has failed to meet its "strong" burden of showing substantial justification.

4

Stated differently, after a review of the record, the Court finds that the government has failed to meet its burden to prove that its position has a reasonable basis in both law and fact. First, as previously mentioned, this Court found that the ALJ erred at step three of his analysis. The Court found that the opinions of the two non-examining State agency physicians did not provide substantial evidence to support the Commissioner's finding on this issue, and perhaps more importantly, the Court found that the ALJ provided no support for his finding that the Plaintiff experienced no episodes of decompensation of extended duration, particularly in light of treating source opinions to the contrary. Next, with respect to the Commissioner's weighing of the medical opinion evidence, the Court found that the ALJ failed to properly weigh the opinions of the Plaintiff's treating sources. The Court stated:

> Because the treating source opinions were consistent with one another and were well supported by the medical notes and evidence and because the ALJ failed to provide persuasive, adequate reasons to support his decision to give greater weight to the State agency opinions rather than to the treating source opinions, the Court agrees with the Magistrate Judge that remand is appropriate.

(Entry 28 at 19.)

Based on the foregoing, the Court finds that the Plaintiff is entitled to an award of reasonable fees and costs pursuant to EAJA. Importantly, the government does not object to the time claimed by the attorney or his requested hourly rate. Instead, the government objects to the Court awarding fees directly to counsel rather than to the Plaintiff. A review of the Plaintiff's reply brief indicates, however, that counsel understands that payment will be made payable to the Plaintiff; counsel simply requests that the check be mailed to his office. See Phillips v. Astrue, 2011 WL 5041751, *1-*2 (D.S.C. Oct. 21, 2011)

(unpublished) (noting that attorney's fees pursuant to EAJA must be awarded to the litigant but directing that the check be mailed directly to the Plaintiff's attorney).

## CONCLUSION

After review, therefore, it is hereby

**ORDERED** that the Plaintiff's motion for $6,982.36 in attorney's fees (38.75 hours at $180.19 per hour) and $350 in costs pursuant to EAJA (Entry 32) is **GRANTED**. Although the fees must be made payable to the order of the Plaintiff, the check should be mailed to the Plaintiff's counsel.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December _17_, 2012
Charleston, South Carolina

